**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gary Lynn DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 10, 1997.
Filed Feb. 2, 1998.
Reargument Denied April 14, 1998.

The pertinent facts follow. On July 14, 1996, Pennsylvania State Troopers Alphonso Santucci and Mickey W. Bowser arrested and charged appellant with eight counts of involuntary deviate sexual intercourse based upon information regarding acts which appellant had committed on three boys under the age of eleven. A search of appellant's residence revealed two pornographic magazines, a used condom, a bank bag containing catalog cut-outs of children with obscene language written on them, and four sheets of notepaper listing the names of boys with whom appellant had sex and the names of boys with whom he wished to have sex. On March 17, 1997, appellant entered guilty pleas to four counts of involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123.

Effective October 24, 1995, the Pennsylvania legislature enacted findings and a declaration of policy designed to safeguard the public from sexual offenders following their release from prison. This statutory enactment is commonly referred to as Pennsylvania's Megan's Law. 42 Pa.C.S. § 9791 et seq. Megan's Law is based upon the premise that "sexually violent predators pose a high risk of engaging in further offenses even after being released from incarceration or commitments and that protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9791(a)(2). Therefore, in accordance with Pennsylvania's Megan's Law, sexual offenders are required to register a current address with the Pennsylvania State Police for a period of ten years following their release from incarceration. An offender is defined as an individual who is "designated a sexually violent predator." 42 Pa.C.S. § 9792. A sexually violent predator is a "person who has been convicted of a sexually violent offense as set forth in section 9793(b) (relating to registration of certain offenders for ten years) and who is determined to be a sexually violent predator under section 9794(e) (relating to designation of sexually violent predators) due to a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses." 42 Pa.C.S.

Karen K. Avery, Kittanning, for appellant.

Bradley K. Hellein, Asst. Dist. Atty., Kittanning, for Com., appellee.

Before KELLY, EAKIN and HESTER, JJ.

HESTER, Judge.

Gary Lynn Davis appeals from the April 9, 1997 order entered in the Armstrong County Court of Common Pleas which denied, without prejudice, his motion for extraordinary relief challenging the constitutionality of the sexually violent predator provisions of Pennsylvania's Megan's Law. Appellant argues the trial court erred when it failed to hold a hearing to determine his double jeopardy challenge prior to its attempt to follow the statutory prerequisites for sentencing.[1] We affirm.

1. Pretrial orders denying double jeopardy claims are final orders for purposes of appeal. *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094 (1977).

§ 9792. Persons required to register include, but are not limited to, individuals who have been convicted of involuntary deviate sexual intercourse involving a minor. 42 Pa. C.S. § 9793(b)(1).

Megan's Law provides that sexually violent predators be designated as follows.

(a) **Order for assessment.** —After conviction, but before sentencing, a court shall order a person convicted of a sexually violent offense specified in section 9793(b) (relating to registration of certain offenders for ten years) to be assessed by the [State Board to Assess Sexually violent Predators]. The order for assessment shall be sent to the administrative officer of the board within ten days of the date of conviction.

(b) **Presumption.**—An offender convicted of any offense set forth in section 9793(b). shall be presumed by the board and the court to be a sexually violent predator. This presumption may be rebutted by the offender by clear and convincing evidence at a hearing held in accordance with subsection (e).

(c) **Assessment.**—Upon receipt from the court of an order for an assessment, two members of the board as designated by the administrative officer of the board shall conduct an assessment of the offender to determine if the offender is a sexually violent predator ... All State, county, and local agencies shall cooperate in providing the necessary information as requested by the board in connection with the required assessment.

(d) **Submission of report by board.**—The board shall submit a written report containing its assessment to the court no later that 60 days from the date of conviction of the defendant. Where the board members disagree on the assessment of the offender, both members shall submit a written report to the court.

(e) **Court review of findings.**—Upon receipt of the board's report, the court shall determine if the offender is a sexually violent predator. This determination shall be made based on evidence presented at a hearing held prior to sentencing and before the trial judge. The offender and district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses, the right to call expert witnesses, and the right to cross-examine witnesses. In addition, the offender shall have the right to counsel and have a lawyer appointed to represent him if he cannot afford one. After a review of all evidence presented at this hearing, the court may determine whether the presumption arising under subsection (b) has been rebutted and shall set forth this determination on the sentencing order. A copy of the sentencing order containing the determination shall be submitted to the Pennsylvania board of Probation and Parole and the Department of Corrections. 42 Pa.C.S. § 9794(a)–(e).

After appellant entered guilty pleas to four counts of involuntary deviate sexual intercourse with minors, Megan's Law automatically applied to appellant and presumed him to be a sexually violent predator. Therefore, the trial court was compelled to order appellant to undergo an assessment by the Pennsylvania State Board to Assess Sexually Violent Predators and set a date for an adjudicatory hearing to determine whether appellant could rebut the statutory presumption that he was a sexually violent predator. On March 21, 1997, appellant filed a motion for extraordinary relief challenging the constitutionality of Megan's Law and requesting a bar to a second prosecution for the same offense.[2] Specifically, appellant characterized the adjudicatory hearing, which is held to give an offender the opportunity to rebut the presumption that he is a sexually violent predator, as a "second prosecution and trial on the same offense." Appellant's brief at 8.

---

**2.** We note that 42 Pa.R.Crim.P. 1405(B) provides for an *oral* motion for extraordinary relief. The court is directed to decide the motion before imposing sentence, and the sentencing proceeding is not to be delayed in order to decide the motion. There is, however, no provision in the rules for a *written* motion for extraordinary relief prior to sentencing. Moreover, the rules do not require the court to hold an evidentiary hearing in response to an oral motion for extraordinary relief.

As such, he argued that Megan's Law violates the double jeopardy clause of the Constitution. The trial court denied appellant's motion without prejudice on April 9, 1997. Two days later, the court ordered the Armstrong County Probation Department to provide the Board of Assessors with a copy of its pre-sentence investigation. On April 30, 1997, appellant filed an appeal with this court from the April 9, 1997 order and argued that the trial court could not proceed with "the second prosecution" until appellant had an opportunity to appeal the denial of his motion for extraordinary relief since he had raised a double jeopardy challenge.

The trial court met with defense counsel on May 1, 1997, in order to determine how the parties would proceed with the case. The defense objected to any further proceeding consistent with Megan's Law until the double jeopardy issue was resolved, and argued that the trial court no longer had jurisdiction over the case since an appeal with Superior Court had been filed. The trial court overruled the defense's objection, but continued the hearing until May 20, 1997, since formal notice on the hearing had not been given. On May 15, 1997, appellant filed an application to enforce automatic stay with this court, which was granted on May 19, 1997.

Appellant presents one issue for review.

I. MUST THE TRIAL COURT CONDUCT A HEARING ON DEFENDANT'S MOTION FOR EXTRAORDINARY RELIEF CHALLENGING THE CONSTITUTIONALITY OF THE "SEXUALLY VIOLENT PREDATOR" PROVISIONS OF TITLE 42, SECTIONS 9791–9799.4 Pa.C.S. WHICH *INTER ALIA.* CHALLENGES THE STATUTE'S CONSTITUTIONALITY ON GROUNDS OF DOUBLE JEOPARDY PRIOR TO FURTHER PROSECUTION OF DEFENDANT OF THE GREATER INCLUDED OFFENSE (SEXUALLY VIOLENT PREDATOR) FOLLOWING HIS GUILTY PLEA FOR A LESSER INCLUDED OFFENSE (INVOLUNTARY DEVIATE SEXUAL INTERCOURSE)?

Appellant's brief at 3.

Appellant has narrowly framed the issue that is before this court.[3] He characterizes the adjudicatory hearing, held to offer an offender the opportunity to rebut the sexually violent predator presumption pursuant to Megan's Law, as a second trial. Specifically, he argues

> [The] adjudicatory hearing on the "sexually violent predator" charge would place him twice in jeopardy because the charge of involuntary deviate sexual intercourse, of which he has been convicted, is a lesser included offense that constitutes one of the three elements of the offense of sexually violent predator with which he is currently charged. The remaining elements are a mental state ("personality disorder"), and a prediction of future dangerousness.

Appellant's brief at 7. It is upon this assertion that appellant bases his claim the trial court must hold a hearing on his double jeopardy claim prior to proceeding with the directives under Megan's Law. Appellant relies upon *Abney et al. v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (defendant has right to file double jeopardy challenge motion pretrial, have hearing and decision on challenge, and appeal adverse decision prior to proceeding to trial).

The United States Supreme Court recently reviewed the import and effect of the Double Jeopardy Clause. Pertinent portions of the opinion follow.

> The Double Jeopardy Clause provides that 'no person shall be subject for the same offense to be twice put in jeopardy of life or limb. We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, in common parlance,' be described as punishment. *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 549, 63 S.Ct. 379 [386–387], 87 L.Ed. 443 (1943)

---

**3.** We note that appellant does not challenge the constitutionality of any other subsection of Megan's Law.

(quoting *Moore v. Illinois,* 55 U.S. 13, 14, *How.* 13, 19, 14 L.Ed. 306 (1852)). The clause protects only against the imposition of multiple criminal punishments for the same offense, *Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630 [633], 82 L.Ed. 917 (1938); *see also Hess,* 317 U.S. at 548–549 [63 S.Ct. at 386–387] ("Only" "criminal punishment" "subjects the defendant to 'jeopardy' within the constitutional meaning"); *Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779 [1785], 44 L.Ed.2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution").

*Hudson v. United States,* —— U.S. ——, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

■ Clearly, appellant's premise is flawed, hence his argument fails. First, appellant has not been "charged" with being a sexually violent predator. Megan's Law recognizes that the societal interest of protecting our youngsters from molesters is paramount to the privacy rights of the molester and permits the court to *presume* that an individual convicted of molesting young children *is* a sexually violent predator. As stated *infra,* the hearing merely provides a convict with a pre-sentence opportunity to rebut the statutory presumption. Obviously, the phrase "sexually violent predator" denotes a designation; nowhere in the case law, appellant's brief, or Megan's Law, itself, is there support for appellant's characterization of the phrase as a "charge" or an "offense." Moreover, the hearing itself does not impose a greater punishment upon appellant. Rather, if at the hearing appellant cannot rebut the presumption that he is a sexually violent predator, then he will be subject to the maximum sentencing provisions provided for at 42 Pa. C.S. § 9799.4.

Inherent in appellant's double jeopardy challenge is his assertion that the adjudicatory hearing to rebut the presumption he is a sexually violent predator is in fact, a trial. Appellant attempts to persuade this court of his opinion by twisting the language of Megan's Law. For instance, appellant argues that "in a proceeding to adjudicate petitioner as a Sexually Violent Predator, petitioner is entitled to receive a trial by jury, and to have the Commonwealth bear the burden of proof of 'beyond a reasonable doubt'." Appellant's brief at 10. A careful reading of Megan's Law reveals that it does not require a proceeding to *adjudicate* a convict to be a sexually violent predator. Rather, as stated *supra,* it permits the courts to presume that the criminal is a sexually violent predator, but creates an opportunity whereby the convict may present testimony and evidence in an attempt to rebut the presumption.[4] Further, a post-trial hearing is no more a "second trial" than a sentencing hearing or a hearing on post-trial motions. Appellant's trial (entry of guilty plea) rendered him a sexually violent predator; the hearing is offered to provide appellant the opportunity to overcome that presumption.

Finally, appellant's premise that "sexually violent predator" constitutes a greater included offense of involuntary deviate sexual intercourse is flawed. The Commonwealth was not required to prove that appellant was a sexually violent predator in order to support its case against him for involuntary deviate sexual intercourse involving minors under the age of thirteen. Once again, Megan's Law permits the courts to presume that an individual who would commit such a heinous act against children is a sexually violent predator.

Accordingly, the Rules of Criminal Procedure do not require the court to hold an evidentiary hearing pursuant to the filing of a pre-sentence motion for extraordinary relief. Further, appellant has failed to support his assertion that the hearing which affords him the opportunity to dispute the presumption that he is a sexually violent predator is a second trial. Thus, we reject appellant's claim that the trial court erred when it denied his written motion for extraordinary relief without a hearing.

Order affirmed without prejudice.

---

**4.** We note that appellant does not argue that the presumption is unconstitutional.