J-A20007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ROBINSON, | : | |
| | : | |
| Appellant | : | No. 3369 EDA 2014 |

Appeal from the Double Jeopardy Order November 24, 2014,
Court of Common Pleas, Monroe County,
Criminal Division at No. CP-45-CR-0002139-2013

BEFORE: DONOHUE, SHOGAN and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:            **FILED AUGUST 07, 2015**

Appellant, Christopher Robinson ("Robinson"), appeals from the order entered on November 24, 2014 by the Court of Common Pleas of Monroe County denying his motion to dismiss his charge of possession of a controlled substance with intent to deliver ("possession with intent to deliver"), 35 P.S. § 780-113(a)(30), on double jeopardy grounds. For the reasons that follow, we remand the case for the trial court's compliance with Rule 587(B) of the Pennsylvania Rules of Criminal Procedure.

Given our disposition of this case, a recitation of the facts underlying Robinson's convictions is unnecessary. On April 10, 2014, a jury found Robinson guilty of possession of a controlled substance and possession of drug paraphernalia.[1] The jury could not come to a decision on Robinson's

---

[1] 35 P.S. § 780-113(a)(16), (32).

possession with intent to deliver charge and the trial court declared a mistrial as to that offense.

On June 24, 2014, the trial court sentenced Robinson to one to two years of incarceration. On June 30, 2014, Robinson filed a timely notice of appeal from his June 24, 2014 judgment of sentence, which this Court affirmed on August 4, 2015. Subsequently, the Commonwealth listed the possession with intent to deliver charge for re-trial. In response, on July 24, 2014, Robinson filed a motion to dismiss the possession with intent to deliver charge as violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. On November 24, 2014, following oral argument, the trial court denied Robinson's motion to dismiss.[2] On December 5, 2014, this appeal followed. On December 9, 2014, the trial court ordered Robinson to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On December 29, 2014, Robinson filed his timely Rule 1925(b) statement.

On appeal, Robinson raises the following issue for our review and determination:

> Where the Commonwealth fails to meet its burden of
> proof resulting in a hung jury on a possession with
> intent to deliver charge, but the jury enters a finding
> of guilty on the underlying possession charge, is the

---

[2] On August 19, 2014, Robinson was paroled from the sentence imposed on June 24, 2014.

Commonwealth barred on double jeopardy principles from retrying the possession with intent to deliver [charge] on the same set of facts?

Robinson's Brief at 5.

Before we may address the merits of Robinson's appeal, we must determine whether we have jurisdiction over the appeal. **See Commonwealth v. Blystone**, ___ A.3d ___, 2015 WL 4401559 at *5 (Pa. 2015) (finding that issues of jurisdiction may be raised sua sponte). Regarding appeals from an order denying a motion to dismiss based on double jeopardy grounds, our Supreme Court has stated the following:

> Generally, criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination under **Commonwealth v. Bolden**, [] 373 A.2d 90 ([Pa.] 1977) (plurality opinion).  While Bolden was a plurality decision, a per curiam decision by the Court shortly thereafter made clear that a Court majority agreed with the important narrow proposition that "pretrial orders denying double jeopardy claims are **final orders** for purposes of appeal." **Commonwealth v. Haefner**, [] 373 A.2d 1094, 1095 ([Pa.] 1977) (per curiam) (emphasis added).
>
> Eight years later, in [**Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986)], this Court considered the question of whether a **Bolden** of-right appeal should be permitted to go forward when the trial court has concluded that the double jeopardy motion is frivolous.  The **Brady** Court held that where the trial court makes a written statement finding that the pre-trial double jeopardy challenge is frivolous, a **Bolden**-style interlocutory appeal will not be permitted because it would only serve to delay prosecution.  508 A.2d at 291.

**Commonwealth v. Orie**, 22 A.3d 1021, 1024-25 (Pa. 2011).

- 3 -

In 2013, Rule 587(B) was added to the Pennsylvania Rules of Criminal Procedure to govern pretrial double jeopardy motions. Rule 587(B) provides as follows:

> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.
>
> (2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.
>
> (3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.
>
> (4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.
>
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

Recently, in **_Commonwealth v. Taylor_**, ___ A.3d ___, 2015 WL 4394254 (Pa. Super. 2015), this Court had the opportunity to interpret Rule

- 4 -

587(B) in the context of a trial court's failure to comply with subsections (3) through (6).  ***Id.*** at \*4.  In ***Taylor***, the trial court failed to enter on the record a statement of findings of fact and conclusions of law and did not make a determination of whether the defendant's motion to dismiss on double jeopardy grounds was frivolous.  ***Id.***  This Court explained,

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, inter alia, satisfy Rule 587(B)(3), (4), (5), and (6).  Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion.  Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion.  Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion.  Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

***Id.*** (footnote omitted).

Regarding the trial court's failure in ***Taylor*** to fully comply with Rule 587(B), this Court held:

> Instantly, our review of the record, in particular the January 27, 2014 argument transcript, reveals the trial court failed to comply with Rule 587(B)(3) though (6).  Specifically, as required under Rule 587(B)(3), following oral argument, the trial court failed to enter on the record a statement of findings of fact and conclusions of law.  Moreover, in denying

> Appellant's motion to dismiss on double jeopardy grounds, the trial court also failed to render a specific finding on frivolousness, as required under Rule 587(B)(4). The trial court did not find whether Appellant's motion to dismiss was or was not frivolous. Given the trial court's failure to comply with Rule 587(B), we are unable to decide whether we may exercise jurisdiction over this appeal. Consequently, we remand this matter to the trial court for compliance with Rule 587(B) and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this opinion.

*Id.* (footnotes omitted).

Here, as in *Taylor*, the trial court failed to render a specific finding in the record on frivolousness, as required under Rule 587(B)(4). Thus, the trial court in this case failed to comply with Rule 587(B)(4) through (6). Because the trial court failed to fully comply with Rule 587(B), we are unable to decide whether we may exercise jurisdiction over this appeal. *See id.*; *see also Orie*, 22 A.3d at 1024-25. Therefore, we remand this matter to the trial court for compliance with Rule 587(B) and preparation of a supplemental Rule 1925(a) opinion within sixty days of the date of this memorandum.[3]

Case remanded. Panel jurisdiction retained.

---

[3] Our retention of jurisdiction over this appeal does not relieve Robinson of his obligation to comply with Rule 587(B)(5) and Rule 1573 of the Pennsylvania Rules of Appellate Procedure in the event the trial court determines his double jeopardy claim to be frivolous.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015