J-A20007-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ROBINSON, | : | |
| | : | |
| Appellant | : | No. 3369 EDA 2014 |

Appeal from the Double Jeopardy Order November 24, 2014,
Court of Common Pleas, Monroe County,
Criminal Division at No. CP-45-CR-0002139-2013

BEFORE:  DONOHUE, SHOGAN and WECHT, JJ.

MEMORANDUM BY DONOHUE, J.:　　　　　　**FILED December 22, 2015**

Appellant, Christopher Robinson ("Robinson"), appeals from the order entered on November 24, 2014 by the Court of Common Pleas of Monroe County denying his motion to dismiss his charge of possession of a controlled substance with intent to deliver ("possession with intent to deliver"), 35 P.S. § 780-113(a)(30), on double jeopardy grounds.  After remanding this case to the trial court for compliance with Rule 587(B) of the Pennsylvania Rules of Criminal Procedure, we quash this appeal.

Given our disposition of this case, a recitation of the facts underlying Robinson's convictions is unnecessary.  On April 10, 2014, a jury found Robinson guilty of possession of a controlled substance and possession of drug paraphernalia.[1]  The jury could not come to a decision on Robinson's

---

[1]  35 P.S. § 780-113(a)(16), (32).

possession with intent to deliver charge and the trial court declared a mistrial as to that offense.

On June 24, 2014, the trial court sentenced Robinson to one to two years of incarceration.[2] Subsequently, the Commonwealth listed the possession with intent to deliver charge for re-trial. In response, on July 24, 2014, Robinson filed a motion to dismiss the possession with intent to deliver charge as violative of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. On November 24, 2014, following oral argument, the trial court denied Robinson's motion to dismiss.[3] On December 5, 2014, this appeal followed. On December 9, 2014, the trial court ordered Robinson to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On December 29, 2014, Robinson filed his timely Rule 1925(b) statement.

On appeal, Robinson raises the following issue for our review and determination:

> Where the Commonwealth fails to meet its burden of proof resulting in a hung jury on a possession with intent to deliver charge, but the jury enters a finding of guilty on the underlying possession charge, is the

---

[2] On June 30, 2014, Robinson filed a timely notice of appeal from his June 24, 2014 judgment of sentence, which this Court affirmed on August 4, 2015.

[3] On August 19, 2014, Robinson was paroled from the sentence imposed on June 24, 2014.

Commonwealth barred on double jeopardy principles from retrying the possession with intent to deliver [charge] on the same set of facts?

Robinson's Brief at 5.

Before we may address the merits of Robinson's appeal, we must determine whether we have jurisdiction over the appeal. ***See Commonwealth v. Blystone***, 119 A.3d 306, 311 (Pa. 2015) (finding that issues of jurisdiction may be raised sua sponte). Regarding appeals from an order denying a motion to dismiss based on double jeopardy grounds, our Supreme Court has stated the following:

> Generally, criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination under **Commonwealth v. Bolden**, [] 373 A.2d 90 ([Pa.] 1977) (plurality opinion). While Bolden was a plurality decision, a per curiam decision by the Court shortly thereafter made clear that a Court majority agreed with the important narrow proposition that "pretrial orders denying double jeopardy claims are **final orders** for purposes of appeal." **Commonwealth v. Haefner**, [] 373 A.2d 1094, 1095 ([Pa.] 1977) (per curiam) (emphasis added).
>
> Eight years later, in [**Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986)], this Court considered the question of whether a **Bolden** of-right appeal should be permitted to go forward when the trial court has concluded that the double jeopardy motion is frivolous. The **Brady** Court held that where the trial court makes a written statement finding that the pre-trial double jeopardy challenge is frivolous, a **Bolden**-style interlocutory appeal will not be permitted because it would only serve to delay prosecution. 508 A.2d at 291.

*Commonwealth v. Orie*, 22 A.3d 1021, 1024-25 (Pa. 2011).

In 2013, Rule 587(B) was added to the Pennsylvania Rules of Criminal Procedure to govern pretrial double jeopardy motions. Rule 587(B) provides as follows:

> (1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.
>
> (2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.
>
> (3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.
>
> (4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.
>
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

Here, the trial court failed to render a specific finding in the record on the frivolousness of Robinson's pretrial motion to dismiss his possession with intent to deliver charge on double jeopardy grounds, as required by Rule 587(B)(4). Consequently, we were unable to determine whether we had jurisdiction over this appeal. **See Orie**, 22 A.3d at 1024-25; **Commonwealth v. Taylor**, 120 A.3d 1017 (Pa. Super. 2015). Therefore, on August 7, 2015, pursuant to this Court's decision in **Taylor**,[4] we remanded this case for the trial court to make a finding as to whether Robinson' pretrial motion to dismiss was frivolous. **See Commonwealth v. Robinson**, 3369 EDA 2014 (Pa. Super. Aug. 7, 2015) (unpublished memorandum).

In that unpublished memorandum, we also specifically informed Robinson that he was required to comply with Rule 1573 of the Pennsylvania Rules of Appellate Procedure in the event the trial court found his motion to dismiss frivolous if Robinson desired this Court to review the trial court's frivolousness determination. **Id.** at 6 n.3; **see also** Pa.R.A.P. 1573. Rule 1573 states, in pertinent part, as follows:

> **(a) General rule.** Any party seeking review of a frivolousness determination by a court of common

---

[4] In **Taylor**, the trial court failed to enter on the record a statement of findings of fact and conclusions of law and did not make a determination of whether the defendant's motion to dismiss on double jeopardy grounds was frivolous. **Taylor**, 120 A.3d at 1022-23. This Court held that the trial court was required to make such a determination under Rule 587(B)(4) and remanded the case to the trial court. **Id.**

> pleas under Pennsylvania Rule of Criminal Procedure 587 shall file a petition for review in the appellate court having jurisdiction over the matter. Review of a frivolousness determination under Pennsylvania Rule of Criminal Procedure 587 shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule. The time for filing is provided for in Pa.R.A.P. 1512(a)(1).

Pa.R.A.P. 1573(a). Under Rule 1512(a)(1) of the Pennsylvania Rules of Appellate Procedure and Rule 587(B)(5) of the Pennsylvania Rules of Criminal Procedure, Robinson would have to file a petition seeking such review within thirty days of the date of the trial court's frivolousness determination. **See** Pa.R.A.P. 1512(a)(1); Pa.R.Crim.P. 587(B)(5).

On Tuesday, November 10, 2015, the trial court issued an order in which it specifically found that Robinson's pretrial motion to dismiss was frivolous. **See** Trial Court Order, 11/10/15, ¶ 2. The trial court also reminded Robinson of his obligation to, within thirty days of its order, file a petition for review pursuant to Rules 1573 and 1512(a)(1) of the Pennsylvania Rules of Appellate Procedure and Rule 587(B) of the Pennsylvania Rules of Criminal Procedure should he wish for this Court to review the trial court's frivolousness determination. **See id.** ¶ 3. Therefore, if Robinson wished to file a petition for review, it was due on Thursday, December 10, 2015.

Robinson filed an untimely petition for review on December 11, 2015, thirty-one days following the trial court's order. Thus, Robinson failed to file

a petition for review within thirty days of the trial court's order determining that his motion to dismiss was frivolous as required by Rule 1512(a)(1) of the Pennsylvania Rules of Appellate Procedure and 587(B)(5) of the Pennsylvania Rules of Criminal Procedure. Consequently, Robinson has waived any right to review of the trial court's frivolousness determination. Therefore, because the trial court determined that Robinson's pretrial motion to dismiss his possession with intent to deliver charge on double jeopardy grounds was frivolous, and he did not timely contest this determination, we are without jurisdiction over this appeal. *See Orie*, 22 A.3d at 1024-25; *Taylor*, 120 A.3d at 1022-23. Accordingly, we must deny his petition for review and quash this appeal.

Appeal quashed. Petition for review denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015