J-S57035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID DWAYNE BROOKS, | : | |
| | : | |
| Appellant | : | No. 91 WDA 2016 |

Appeal from the Order January 11, 2016
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0000979-2015

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 07, 2016**

David Dwayne Brooks (Appellant) appeals from the January 11, 2016 order which denied his motion to dismiss based upon double jeopardy. Upon review, we remand the matter to the trial court for proceedings consistent with this memorandum.

The trial court set forth the relevant factual background of this case as follows.

> [Appellant] was charged with robbing Samantha Karfelt [Victim], an acquaintance of his [who] was employed as an exotic dancer. She returned home from work in the early morning hours with an amount of cash that she was unable to specifically quantify, but which she estimated as being well over $[200.00]. [Appellant] approached her with his identity concealed and while pointing a handgun at her head, pushed her back into her car and said "Sam, give me the money." She complied, but recognized his voice, and as he walked away with her money, she asked him why he did this to her. He made some statement about needing the money to replace someone's

*Retired Senior Judge assigned to the Superior Court.

> flat tires, then hugged [V]ictim and said words to the effect that they were still friends and everything was all right.

Trial Court Opinion (TCO), 4/18/2016, at 1-2.

Appellant was charged with theft, robbery, simple assault, and recklessly endangering another person. Following a jury trial, Appellant was convicted of theft and sentenced to probation. As to the remaining charges, the trial court found that the jury was "hopelessly deadlocked" and declared a mistrial. *Id.* at 1. The trial court found manifest necessity in declaring a mistrial, citing that

> the jury had difficulty resolving the issues, convicted the [Appellant] only of the theft, with the amount stolen "undetermined." The jury advised [the trial court] that they were unable to resolve the other charges and that no additional time or instruction by the [trial court] would allow them to do so.

*Id.* at 2.

On January 5, 2016, following the trial court's declaration, Appellant filed a motion to dismiss, arguing that prosecuting Appellant on the remaining charges was barred by double jeopardy. The trial court denied Appellant's motion. This appeal followed.[1] On appeal, Appellant challenges the trial court's denial of his motion. Appellant's Brief at 7.

Before addressing the merits of the issue raised by Appellant, we must first determine if we have jurisdiction over this appeal. "Jurisdictional questions are non-waivable and not only may be raised by [this Court] *sua*

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

*sponte* … but must be." ***Commonwealth v. Boerner***, 422 A.2d 583, 588 (Pa. Super. 1980) (citations removed). Our Supreme Court has provided guidance when addressing an order denying a motion to dismiss based on double jeopardy.

> Generally, criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination under ***Commonwealth v. Bolden***, 472 Pa. 602, 373 A.2d 90 (1977) (plurality opinion). While ***Bolden*** was a plurality decision, a *per curiam* decision by the Court shortly thereafter made clear that a Court majority agreed with the important narrow proposition that "pretrial orders denying double jeopardy claims are **final orders** for purposes of appeal." ***Commonwealth v. Haefner***, 473 Pa. 154, 373 A.2d 1094, 1095 (1977) (*per curiam*) (emphasis added).
>
> Eight years later, in [***Commonwealth v. Brady***, 508 A.2d 289 (Pa. 2011) our Supreme Court] considered the question of whether a ***Bolden*** of-right appeal should be permitted to go forward when the trial court has concluded that the double jeopardy motion is frivolous. The ***Brady*** Court held that where the trial court makes a written statement finding that the pre-trial double jeopardy challenge is frivolous, a ***Bolden***-style interlocutory appeal will not be permitted because it would only serve to delay prosecution. 508 A.2d at 291.

***Commonwealth v. Orie***, 22 A.3d 1021, 1024-25 (Pa. 2011).

Pa.R.C.P. 587(B) governs double jeopardy motions.

(1)    A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2)    A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3)  At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4)  In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5)  If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6)  If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

This Court has interpreted Rule 587 governing double jeopardy motions and the implications it has on our jurisdiction.

> To establish whether a motion to dismiss on double jeopardy grounds qualifies as a collateral order, trial courts must now, *inter alia,* satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

***Commonwealth v. Taylor***, 120 A.3d 1017, 1022–23 (Pa. Super. 2015) (footnotes removed).

In reviewing the record, it appears Appellant's motion to dismiss was denied without a hearing. This conclusion is based upon (1) the fact that this Court has not received a transcript, nor has the trial court or Appellant cited to one;[2] (2) the trial court's Pa.R.A.P. 1925 opinion states that it is unaware and therefore cannot speculate if there are any additional supporting arguments Appellant might seek to raise other than what was included "in the motion [to dismiss]" and "concise statement," TCO, 4/18/2016, at 3; and (3) the record contains no findings of fact and conclusions of law regarding the motion nor does the trial court state a specific finding of frivolousness, as required by Rule 587(B)(3) and (4).

Because this vital information is missing, we are unable to determine if we have jurisdiction over this appeal. Due to the deficiencies in the record, we remand this matter to the trial court to conduct a hearing on the motion and comply with all the requirements set forth in Rule 587. Conversely, if a hearing has already taken place, and complied with the rule, this Court shall receive a certified copy of the transcript. The trial court will also prepare a supplemental Rule 1925(a) opinion. The foregoing should be completed

---

[2] The Commonwealth filed a letter informing this Court it would rely on the trial court's opinion in lieu of submitting a brief.

- 5 -

within sixty days of the date of this memorandum. Upon the filing of a supplemental opinion, the certified record is to be returned to this Court.

Case remanded. Panel Jurisdiction retained.