J-E04004-17

2020 PA Super 107

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EMILY JOY GROSS | : | |
| | : | |
| Appellant | : | No. 375 EDA 2016 |

Appeal from the Order January 15, 2016
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000045-2010

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J.,
SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., and DUBOW, J.

CONCURRING OPINION BY OLSON, J.:                 **FILED APRIL 29, 2020**

I join the learned majority's opinion in full.  However, I write separately to address some concerns that the learned dissents have ably expressed.

The learned dissents view compliance with Pennsylvania Rule of Criminal Procedure 587 as a prerequisite for appellate jurisdiction.  According to the dissenters, Rule 587 implicates our jurisdiction because the trial court's denial of a defendant's pre-trial double jeopardy motion only qualifies as a collateral order where "a trial court [makes a] factual finding[] that [the] double jeopardy motion **is not frivolous**." Judge Stabile's Dissenting Opinion at *6 (emphasis added); **see also** Judge Dubow's Dissenting Opinion at *6 ("[i]f the trial court finds the [defendant's double jeopardy] motion to have merit, a defendant may appeal pursuant to Pa.R.A.P. 313").  From this starting point, the dissenters posit that, since our jurisdiction is not perfected until the trial court determines that the double jeopardy motion is "not frivolous," and since

Rule 587 provides the mechanism by which the trial court determines whether the motion is or is not frivolous, compliance with Pennsylvania Rule of Criminal Procedure 587 is a precondition for appellate jurisdiction.

However, and respectfully, I believe that the dissenters' starting point is erroneous, as it is contrary to our Supreme Court's holdings, and that this faulty starting point corrupts their entire analysis.

In **Commonwealth v. Orie**, the Pennsylvania Supreme Court examined the historical derivation and the current status of a defendant's right to appeal the denial of his or her pre-trial motion to dismiss on double jeopardy grounds. As the **Orie** Court explained:

> Generally, criminal defendants have a right to appeal a trial court's pre-trial double jeopardy determination under **Commonwealth v. Bolden**, 373 A.2d 90 (Pa. 1977) (plurality opinion). While **Bolden** was a plurality decision, a *per curiam* decision by the [Pennsylvania Supreme] Court shortly thereafter made clear that a [Supreme] Court majority agreed with the important narrow proposition that "pretrial orders denying double jeopardy claims are **final orders** for purposes of appeal." **Commonwealth v. Haefner**, 373 A.2d 1094, 1095 (Pa. 1977) (*per curiam*) (emphasis added).
>
> Eight years later, in [**Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986), the Pennsylvania Supreme] Court considered the question of whether a **Bolden** of-right appeal should be permitted to go forward when the trial court has concluded that the double jeopardy motion is frivolous. The **Brady** Court held that where the trial court makes a written statement finding that the pre-trial double jeopardy challenge is frivolous, a **Bolden**-style interlocutory appeal will not be permitted because it would only serve to delay prosecution.
>
> In reaching this conclusion, the **Brady** Court noted that precluding **Bolden** appeals and automatic stays of retrial

- 2 -

upon a written finding that the claim is frivolous still affords the defendant "the opportunity to initially assert his claim before a tribunal and retrial is not permitted unless the claim is shown to the satisfaction of that court to be frivolous." …

[T]he **Brady** Court [also] envisioned a preliminary avenue for limited appellate review of the trial court's written finding that a defendant's double jeopardy challenge was frivolous via a stand-alone stay procedure, which would be unrelated to a pending appeal as of right.

**Commonwealth v. Orie**, 22 A.3d 1021, 1024-1025 (Pa. 2011).

Thus, as the **Orie** Court explained, an order denying a pre-trial motion to dismiss on double jeopardy grounds is, as a general matter, immediately appealable. An exception to this general rule of appealability exists if, but only if, the trial court "makes a written statement finding that the pre-trial double jeopardy challenge is frivolous." **Id.**; **see also Brady**, 508 A.2d at 291 ("an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a finding, an appeal may be taken from the denial of the motion").

Indeed, the Pennsylvania Supreme Court recently adopted and published an amendment to the official note to Pennsylvania Rule of Appellate Procedure 313, governing collateral orders, which will become effective August 1, 2020. The amended official note reads:

Pennsylvania appellate courts have found a number of classes of orders to fit the collateral order definition. . . . Examples include . . . **an order denying a pre-trial motion to dismiss on double jeopardy grounds if the trial court does not also make a finding that the motion to dismiss is frivolous**. **See Commonwealth v. Brady**, 508 A.2d 286,

- 3 -

289–91 (Pa. 1986) (allowing an immediate appeal from denial of double jeopardy claim under collateral order doctrine where trial court does not make a finding of frivolousness); **Commonwealth v. Orie**, 22 A.3d 1021 (Pa. 2011). **An order denying a pre-trial motion to dismiss on double jeopardy grounds that also finds that the motion to dismiss is frivolous is not appealable as of right as a collateral order, but may be appealable by permission** under Pa.R.A.P. 1311(a)(3).

Pa.R.A.P. 313 note (effective August 1, 2020) (emphasis added).

The amended note clarifies that an order denying a pre-trial motion to dismiss on double jeopardy grounds is immediately appealable as a collateral order **unless** the trial court makes a written finding that the motion to dismiss **is frivolous**. **See id.**

Finally, the note to Pennsylvania Rule of Appellate Procedure 1573, which is effective until August 1, 2020, repeats this principle of law, by stating: "[i]f a trial court denies [a motion to dismiss on double jeopardy grounds] **without expressly finding that the motion is frivolous**, **the order is immediately appealable** by means of a notice of appeal under Pa.R.A.P. 313." Pa.R.A.P. 1573 note (emphasis added).

Therefore, I believe that the dissenters are incorrect in concluding that the denial of a double jeopardy motion is not appealable under Rule 313 unless the "trial court [makes a] factual finding[] that [the] double jeopardy motion is not frivolous." Rather, under our Supreme Court's decisions in **Bolden**, **Haefner**, **Brady**, and **Orie** and, under Pennsylvania Rule of Appellate Procedure 313, the trial court's denial of a pre-trial double jeopardy motion is

immediately appealable as a collateral order **unless** the trial court determines that the motion **is frivolous**.

When starting with the correct viewpoint – the viewpoint required by our Supreme Court's precedent, the amended note to Rule 313, and the note to Rule 1573 – it is apparent that compliance with Pennsylvania Rule of Criminal Procedure 587 is not a precondition to our jurisdiction, as our jurisdiction is perfected upon appeal – unless the trial court makes a written finding that the motion is frivolous.

Contrary to Judge Stabile's statement, this jurisdictional issue does not make compliance with Rule 587 "optional" with the trial court. **See** Judge Stabile's Dissenting Opinion at *6. To be sure, Rule 587 delineates the **mandatory** procedure by which the trial court must hear and decide a double jeopardy motion. If a trial court violates Rule 587, the parties are free to raise this issue on appeal. It is my belief that the trial court violated Rule 587 in this case.[1] However, the parties in this case did not assert any claim that the

_____

[1] In my view, the trial court failed to comply with the terms of Rule 587 in denying Appellant's motion to dismiss on the basis of double jeopardy. Rule 587 states in relevant part:

(B) Double Jeopardy

    (1)   A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

    (2)   **A hearing** on the motion **shall be scheduled** in accordance with Rule 577 (Procedures Following Filing of

Motion).  The hearing **shall be conducted on the record in open court**.

(3)  At the conclusion of the hearing, the judge **shall enter on the record** a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4)  In a case in which the judge denies the motion, the findings of fact **shall include a specific finding as to frivolousness**.

(5)  If the judge makes a finding that the motion is frivolous, the judge **shall advise the defendant on the record** that the defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge **shall advise the defendant on the record** that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(1)-(6) (emphasis added).  Pursuant to this rule, a hearing on the record is mandatory when a defendant files a motion to dismiss on the basis of double jeopardy.  At the conclusion of the hearing, the trial court is required to make a specific finding on the record as to whether the motion is granted or denied.  If it is denied, the trial court must make an express finding on the record as to whether the motion is frivolous.  The trial court's determination of whether the motion is frivolous is mandatory as the trial court must then advise the defendant on the record as to his or her appellate rights.  If the motion is deemed to be frivolous, the trial court shall advise the defendant that he or she may file a petition for review.  If the motion is not deemed to be frivolous, the trial court shall advise the defendant that the order is deemed to be a collateral order and he or she may seek an immediate appeal.

It is my view that, in this case, the trial court erred in not holding a hearing on the record, in failing to make the express findings on the record as to frivolousness and in failing to advise Appellant of her appellate rights.  Accordingly, I believe that Appellant could have appealed on the basis that the trial court failed to follow the dictates of Rule 587.  However, Appellant

trial court violated Rule 587 and the existence of a procedural mistake by the trial court cannot, in and of itself, divest this Court of subject matter jurisdiction where our jurisdiction is otherwise properly established. *C.f. Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) ("[t]he existence of a procedural mistake in and of itself . . . does not divest the trial court of subject matter jurisdiction").

Pennsylvania Rule of Appellate Procedure 313 and our Supreme Court's precedent define the appealability of the order in this case – and, as the majority correctly holds, the order is appealable because the trial court denied Appellant's pre-trial motion to dismiss on double jeopardy grounds and the trial court did not make a written finding that the motion was frivolous. *Orie*, 22 A.3d at 1024-1025; Pa.R.A.P. 313; *see also Bolden*, 373 A.2d at 105 (plurality); *Haefner*, 373 A.2d at 1095 (*per curiam*); *Brady*, 508 A.2d at 291. Pennsylvania Rule of Criminal Procedure 587 is inapplicable to the issue of

_____

did not raise this issue on appeal and this procedural rule violation is not an issue which we may raise *sua sponte*. *See Commonwealth v. Colavita*, 993 A.2d 874, 891 (Pa. 2010) (holding that, generally, "[w]here the parties fail to preserve an issue for appeal, the Superior Court may not address that issue *sua sponte*") (quotations and citations omitted); *see also In re Estate of Tscherneff*, 203 A.3d 1020, 1027 (Pa. Super. 2019) (noting that there are only "a few discrete, limited non-jurisdictional issues that courts may raise *sua sponte*").

Although the trial court failed to follow Rule 587, such failure does not deprive this Court of jurisdiction. Instead, jurisdiction is conferred upon this Court as the order entered was a collateral order pursuant to Pennsylvania Rule of Appellate Procedure 313 and our Supreme Court's holdings in *Bolden*, *Haefner*, *Brady*, and *Orie*.

whether this Court has jurisdiction in the case at bar and should not serve as the touchstone for any jurisdictional analysis here.

President Judge Emeritus Bender and Judge Bowes join the concurring opinion.