508 A.2d 286

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James BRADY, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 25, 1985.

Decided April 23, 1986.

---

338

Stuart Suss, Asst. Dis. Atty., for appellant.

Jeremiah Kane, Asst. Public Defender, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

NIX, Chief Justice.

The question here presented is whether an interlocutory appeal pursuant to *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), should be permitted from the denial of a motion to dismiss an information on double jeopardy grounds where the hearing court has determined the motion to be frivolous. Having fully considered that issue, we conclude that in such circumstances an interlocutory appeal is unwarranted and review must be sought by means of a direct appeal following retrial.

I.

Appellee James Brady was charged with violating section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731, "Driving under influence of alcohol or controlled substance." Prior to trial the Court of Common Pleas, on motion of appellee, excluded any testimony concerning his prior admission to an Accelerated Rehabilitative Disposition ("ARD") program in connection with a prior violation of section 3731.[1] Trial commenced on January 8, 1985. During trial the arresting officer was asked by the prosecution if he had had an opportunity to observe appellee. In responding, that officer testified that appellee mentioned to another officer at the scene that he (the officer testifying) had stopped appellee on a previous occasion. Defense counsel then made a motion for a mistrial, which was granted.

1. The instant record establishes that, in preparation for the proceedings, the assistant district attorney assigned to the case specifically instructed witnesses not to make reference to this prior incident.

On January 28, 1985, appellee filed a motion to dismiss the information asserting a double jeopardy claim. After conducting a hearing on the motion, the hearing court issued a memorandum opinion finding that there had been no intentional prosecutorial misconduct, concluding that the double jeopardy claim was frivolous, and denying the motion to dismiss on January 30, 1985. That same day, having been advised that appellee had filed a notice of appeal in the Superior Court, the Court of Common Pleas by separate order declined to stay retrial pending appeal. Later in the day Judge Cavanaugh temporarily stayed a retrial, and on February 1, 1985, the temporary stay was continued pending disposition of the appeal before that Court.

The Commonwealth filed an application to "Lift Stay of Criminal Trial" in this Court. The Commonwealth subsequently filed a second application requesting this Court to assume plenary jurisdiction of the matter. We granted the application to assume plenary jurisdiction, directed a transfer of the pending Superior Court appeal to this Court, and consolidated that appeal and the application to lift the stay. We further directed that the case be listed for oral argument with briefing limited to the question of the applicability of *Commonwealth v. Bolden, supra.*

## II.

The threshold issue in *Commonwealth v. Bolden, supra,* was whether an immediate appeal should be permitted from an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds. The question there considered was whether a double jeopardy contention established the exceptional circumstance which would require a departure from the basic rule limiting an appeal to the review of a final judgment. *See, e.g., Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978); *Commonwealth v. Myers,* 457 Pa. 317, 322 A.2d 131 (1974); *Commonwealth v. Bunter,* 445 Pa. 413, 282 A.2d 705 (1971) (plurality opinion); *Commonwealth v. Sites,* 430 Pa. 115, 242 A.2d 220 (1968); *Commonwealth v. Swanson,* 424 Pa. 192, 225 A.2d 231

(1967). After an analysis of the scope of protection afforded by the Double Jeopardy Clause, the *Bolden* plurality[2] concluded that the denial of a motion to dismiss on double jeopardy grounds presented exceptional circumstances justifying an immediate appeal:

> The basic purpose of the double jeopardy clause mandates that a defendant who has a meritorious claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial. Acquittal upon retrial or belated appellate recognition of a defendant's claim by reversal of a conviction can never adequately protect the defendant's rights. The defendant is deprived of his constitutional right the moment jeopardy attaches a second time. His loss is irreparable; to subject an individual to the expense, trauma and rigors incident to a criminal prosecution a second time offends the double jeopardy clause. The clause establishes the "right to be free from a second prosecution, not merely a second punishment for the same offense." *Fain v. Duff,* 488 F.2d 218, 224 (5th Cir.1973).

> Without immediate appellate review, a defendant will be forced to undergo a new trial, precluding any review of his claim that he should not be tried at all. "Because of the nature of the constitutional right … assert[ed], no post-conviction relief, either state or federal, is capable of vindicating [appellant's] interest."

> *United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034, 1037 (3d Cir.1975). As Judge Adams observed in *Webb,* "forcing [appellant] to trial would defeat the constitutional right he seeks to preserve." *Id.* at 1039. Exceptional circumstances exist under Pennsylvania law warranting appellate review prior to judgment of sentence.

**2.** The lead opinion authored by Justice Roberts was joined only by Justice Manderino. Justice Pomeroy filed a concurring opinion, while then Chief Justice Eagen concurred in the result. This writer filed a dissenting opinion in which Justice O'Brien joined. Former Chief Justice Jones did not participate in the decision.

Therefore, we hold that denial of a pretrial application to dismiss an indictment on the ground that the scheduled trial will violate the defendant's right not to be placed twice in jeopardy may be appealed before the new trial is held.

*Id.,* 472 Pa. at 631–33, 373 A.2d at 104–05 (footnotes omitted).

While *Bolden* was a nondecisional opinion, *Commonwealth v. Haefner,* 473 Pa. 154, 373 A.2d 1094 (1977), a majority of the members of this Court have agreed with the proposition that "pretrial orders denying double jeopardy claims are final orders for purposes of appeal." *Id.,* 473 Pa. at 156, 373 A.2d at 1095. *See also Commonwealth v. Murry,* 498 Pa. 504, 447 A.2d 612 (1982); *Commonwealth v. Virtu,* 495 Pa. 59, 432 A.2d 198 (1981); *Commonwealth v. McElligott,* 495 Pa. 75, 432 A.2d 587 (1981); *Commonwealth v. Santiago,* 492 Pa. 297, 424 A.2d 870 (1981); *Commonwealth v. Hude,* 492 Pa. 600, 425 A.2d 313 (1980); *Commonwealth v. Fields,* 491 Pa. 609, 421 A.2d 1051 (1980); *Commonwealth v. Starks,* 490 Pa. 336, 416 A.2d 498 (1980); *Commonwealth v. Mitchell,* 488 Pa. 75, 410 A.2d 1232 (1980). Although the *Bolden* plurality did not expressly focus upon the question, its reasoning clearly required a stay of retrial, in addition to the right to an immediate review, to satisfy the defendant's double jeopardy rights. Moreover, Rule 1701 of the Pennsylvania Rules of Appellate Procedure further buttressed the requirement of a stay of retrial pending appeal. Rule 1701 provides in pertinent part:

(a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

Pa.R.A.P. 1701(a).

Thus the *Bolden* principle, in conjunction with the automatic stay provision of Rule 1701, resulted in delaying retrial

indefinitely while a double jeopardy claim interposed in a criminal prosecution was reviewed on direct appeal.

A few months after the *Bolden* decision, the United States Supreme Court, in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), recognized a similar right of appeal under the relevant federal jurisdictional statute, 28 U.S.C. § 1291.[3] The *Abney* Court found that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds satisfied the criteria of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), which established the "collateral order" exception to the final judgment rule. Such an order was therefore a "final decision" for purposes of 28 U.S.C. § 1291, and the Court of Appeals could properly exercise jurisdiction over an appeal therefrom. Thus, as in *Bolden*, an exception to the final judgment rule was carved out for the federal judicial system. The U.S. Supreme Court recognized that such appeals could be employed merely to delay retrial but suggested that such problems could be handled administratively:

> Admittedly, our holding may encourage some defendants to engage in dilatory appeals as the Solicitor General fears. However, we believe that such problems of delay can be obviated by rules or policies giving such appeals expedited treatment. It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims of former jeopardy.

*Abney v. United States, supra,* 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8.

---

**3.** Section 1291 provides:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.
> 28 U.S.C. § 1291.

In response to the *Abney* Court's suggestion, the Court
of Appeals for the Fifth Circuit adopted a rule designed to
prevent the use of frivolous double jeopardy appeals as a
dilatory tactic. *United States v. Dunbar,* 611 F.2d 985 (5th
Cir.) (en banc), *cert. denied,* 447 U.S. 926, 100 S.Ct. 3022, 65
L.Ed.2d 1120 (1980). Faced with the question of whether
the filing of an *Abney* appeal divests the trial court of
jurisdiction, the court saw the need to weigh the conse-
quences to the defendant of failure to review his double
jeopardy claim before trial against the effect of divestiture
of jurisdiction, which "leaves the court powerless to prevent
intentional dilatory tactics, forecloses without remedy the
nonappealing party's right to continuing trial court jurisdic-
tion, and inhibits the smooth and efficient functioning of the
judicial process." *Id.* at 988, *quoting United States v.
Hitchmon,* 602 F.2d 689, 694 (5th Cir.1979) (en banc). The
rule formulated by the Fifth Circuit attempts to accommo-
date these competing and significant interests:

Situations of this kind call for a rule which is both
reflective of practical common sense and protective of the
essence of the right of appeal recognized in *Abney.* We
hereby adopt such a rule under our supervisory powers.

The Supreme Court suggested in *Abney* that the prob-
lem of frivolous and dilatory appeals could be met
through expedited treatment and summary procedure at
the court of appeals level. 431 U.S. at 662 n. 8, 97 S.Ct.
2034 [at 2042 n. 8]. An appropriate balance of conflicting
interests should be initially achieved in the trial court
itself by identifying frivolous claims of former jeopardy
and preventing them from unduly disrupting the trial
process. Henceforth, the district courts, in any denial of
a double jeopardy motion, should make written findings
determining whether the motion is frivolous or nonfrivo-
lous. If the claim is found to be frivolous, the filing of a
notice of appeal by the defendant shall not divest the
district court of jurisdiction over the case. If nonfrivo-
lous, of course, the trial cannot proceed until a determina-
tion is made of the merits of an appeal.

*United States v. Dunbar, supra* at 988.

The court further indicated that it was empowered to stay the proceedings below pending appeal or issue a writ of mandamus or prohibition, which would sufficiently safeguard the defendant's right not to be tried pending appeal from the denial of a nonfrivolous double jeopardy claim. *Id.* at 989.

In *United States v. Leppo,* 634 F.2d 101 (3d Cir.1980), the Third Circuit adopted an identical procedure. Other circuits have subsequently embraced the *Dunbar* rule. *See United States v. Cannon,* 715 F.2d 1228 (7th Cir.1983), *cert. denied,* 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178 (1984); *United States v. Head,* 697 F.2d 1200 (4th Cir.1982), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983); *United States v. Hines,* 689 F.2d 934 (10th Cir. 1982); *United States v. Bizzard,* 674 F.2d 1382 (11th Cir.), *cert. denied,* 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982); *United States v. Grabinski,* 674 F.2d 677 (8th Cir.), *cert. denied,* 459 U.S. 829, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); *United States v. Lanci,* 669 F.2d 391 (6th Cir.), *cert. denied sub nom. Liberatore v. United States,* 457 U.S. 1134, 102 S.Ct. 2960, 73 L.Ed.2d 1350 (1982). Moreover, the United States Supreme Court, while it has not addressed the precise question of the suspension of proceedings pending disposition of a frivolous appeal on double jeopardy grounds, has indicated that the claim in an *Abney* appeal must be "colorable." *Richardson v. United MacDonald,* 435 U.S. 850, 862, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978). It thus appears that the federal courts have uniformly concluded that frivolous double jeopardy appeals must not be permitted to delay retrial.

## III.

We are now being urged to carve out an exception to the application of *Bolden* and Rule 1701 in instances of appeals from orders denying a claimed double jeopardy violation which has been found to be frivolous by the hearing court. We must therefore determine whether such an exception

strikes an appropriate balance between the defendant's interest and those of the public at large.

The obvious effect of a rule which does not permit an interlocutory appeal of certain double jeopardy claims is that some defendants may be tried notwithstanding a contention that the retrial itself violates double jeopardy principles. However where the double jeopardy claim advanced is obviously frivolous, an interlocutory appeal will serve only to delay prosecution. The defendant will have the opportunity to initially assert his claim before a tribunal and retrial is not permitted unless the claim is shown to the satisfaction of that court to be frivolous. Further, a defendant may challenge the finding of frivolousness in the context of a request for a stay from an appellate court.[4] Moreover, there will be an appellate review of the merits of the claim on direct appeal following retrial. Such an approach will provide full protection for a legitimate double jeopardy claim and at the same time afford some degree of assurance that this right will not be abused. Admittedly, it is conceivable that a legitimate claim may on rare occasions be overlooked by both a hearing court and the appellate court in which a stay is sought. Such a risk is at best minimal and in any event counterbalanced by the numerous meritless claims that will be identified and excluded. The priority for an expeditious disposition of criminal cases justifies this minimal risk.

The public, on the other hand, "has an overriding interest in the prompt trial of the criminally accused." *Commonwealth v. Mayfield,* 469 Pa. 214, 221, 364 A.2d 1345, 1349 (1976). *See Commonwealth v. Earp,* 476 Pa. 369, 382 A.2d 1215 (1978) (plurality opinion); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972).

From the point of view of the public, a speedy trial is necessary to preserve the means of proving the charge, to maximize the deterrent effect of prosecution and conviction; and to avoid, in some cases, an extended period of

---

4. This procedure provides at least a preliminary review by an appellate judge of the finding of frivolousness prior to a retrial.

pretrial freedom by the defendant during which time he may flee, commit other crimes, or intimidate witnesses. ABA Project on Minimum Standards for Criminal Justice, Standard 12–1.1 Commentary (2d ed. 1980).

The stay of a criminal trial pending appeal necessitates what may be lengthy delays in the prosecution of the defendant. The availability of an automatic stay upon filing a *Bolden* appeal encourages the use of frivolous appeals as a means of avoiding prosecution. The trial court should not be powerless to prevent such intentional dilatory tactics. *United States v. Hines, supra; United States v. Dunbar, supra; United States v. Hitchmon, supra.* The needless delays engendered by frivolous appeals hinder the administration of justice as well as the public interest.

We therefore conclude that an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted where the hearing court has considered the motion and made written findings that the motion is frivolous. Absent such a finding, an appeal may be taken from the denial of the motion.

Accordingly, the order of the Superior Court staying trial is vacated. The appeal on the merits of appellee's double jeopardy claim is quashed as interlocutory.

LARSEN, J., files a concurring and dissenting opinion.

LARSEN, Justice, concurring and dissenting.

The automatic application of *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977) to delay the retrial of any defendant who has uttered the magic words "double jeopardy" has, until today, placed a stranglehold upon our criminal justice system. Accordingly, I am in total agreement with the majority's release of that stranglehold in holding that, where the trial court has made a written determination that the defendant's double jeopardy claim is frivolous, there will be no right to an automatic, interlocutory appeal.

However, I cannot subscribe to that portion of the majority's analysis which suggests that there may be some valid

double jeopardy claims "overlooked" but that this "minimal risk" is "counterbalanced by the numerous meritless claims that will be identified and excluded." Majority op. at 291. In my view, there is nothing to "counterbalance" because the risk that "a legitimate [double jeopardy] claim may on rare occasions be overlooked by a hearing court and the appellate court," *id.*, is virtually non-existent given the meaningful opportunity for a defendant to seek interlocutory *discretionary* review of a lower court's determination that the double jeopardy claim is frivolous.[1]

A defendant who believes that the trial court erred in dismissing his double jeopardy claim as frivolous may seek interlocutory appeal by permission under 42 Pa.C.S.A. § 702(b) and Chapter 13 of the Rules of Appellate Procedure, and may seek a stay of the retrial, pending determination of the petition for permission to appeal an interlocutory order, from the lower court or an appellate court. 42 Pa.C.S.A. § 702(c).[2] If the lower court and/or the Superior Court denies an application for a stay, the defendant may seek review of that denial by this Court. In cases where the double jeopardy claim is not obviously frivolous, either the Superior Court or this Court would certainly grant the stay of retrial in order to secure timely appellate review of the arguably meritorious double jeopardy claim. With this mechanism in existence, it is extremely unlikely that a legitimate double jeopardy claim will somehow "slip through the cracks" as the majority implies. The mechanism does ensure, however, that interlocutory review of the trial court's determination that a double jeopardy claim is frivolous would be discretionary, not as of right, and would be the exception, not the norm.

1. At worst, such risk exists only to the same extent that an appellate court might ever "overlook" a legitimate claim or issue raised on appeal.

2. Where the lower court refuses to amend its order to include the "certifying" statement required by 42 Pa.C.S.A. § 702(b), a petition for review of the unappealable order of denial is the proper mode for determining whether the case justifies "prerogative appellate review." Pa.R.A.P. Rule 1311, Note.

I dissent to the mandate in this case to the extent that the majority fails to dispose of this double jeopardy claim on the merits. While we have ruled today that automatic *Bolden* appeals from frivolous claims will not be permitted, nevertheless this Court has exercised plenary jurisdiction over the entire proceeding including the appeal on the merits. In reviewing the record and the able opinion of Judge Charles B. Smith of the Court of Common Pleas of Chester County, it is abundantly clear that James Brady's double jeopardy claim is, as Judge Smith states, "manifestly frivolous," "devoid of merit," and interposed solely for the purposes of delay. Thus, instead of allowing the defendant to relitigate his frivolous double jeopardy issue at a later date, I would dismiss the appeal on the merits of the double jeopardy claim, and would remand this matter to the Court of Common Pleas of Chester County to proceed to trial to determine appellee's guilt or innocence. That determination is long overdue.