514 A.2d 910

**COMMONWEALTH of Pennsylvania**

v.

**John F. LEARN, Appellant.**

Superior Court of Pennsylvania.

Argued June 4, 1986.

Filed Sept. 2, 1986.

Bruce L. Getsinger, Erie, for appellant.

Timothy Lucas, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CIRILLO, President Judge, and TAMILIA and POPOVICH, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Erie County Court of Common Pleas denying appellant, John F. Learn's, motion to dismiss on the basis of double jeopardy. Appellant was charged with delivery of a controlled substance (marijuana), possession of a controlled substance and possession with intent to deliver. After a five hour trial, the jury retired for deliberations. It deliberated for a day and one-half and then informed the court that it was deadlocked. Defendant's counsel specifically requested that the court not grant a mistrial but rather send the jury back for further deliberations with appropriate instructions. The trial judge briefly discussed the matter with the jury foreman, asked a general question of the remaining jurors and then declared a mistrial. After receiving notice that he would be retried in the court's next term, Learn filed a motion to dismiss on the basis of double jeopardy which the court subsequently denied. This timely appeal followed.

On appeal, appellant contends that the trial court erred in determining that there was a "manifest necessity" for the declaration of a mistrial on the basis of a deadlocked jury. Appellant argues that the jury only deliberated a relatively short period of time. Additionally, he asserts that the trial court failed to conduct a sufficient colloquy to determine whether it was possible for the jury to reach a verdict.

Due to the recent Supreme Court case, *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986), this appeal is not properly before this Court. The issue in *Brady*, as framed by the Supreme Court, was whether an interlocutory appeal based on double jeopardy grounds was proper when the trial court specifically determined that the double jeopardy grounds are frivolous.

Prior to *Brady*, the viability of an interlocutory appeal based on double jeopardy grounds was governed by *Com-*

*monwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).[1] The Court in *Bolden* determined that an interlocutory appeal based on these grounds was proper due to the nature of the double jeopardy right and the need for pre-trial vindication. The Court stated that "the basic purpose of the double jeopardy clause mandates that a defendant who has a *meritorious* claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial [and] . . . to subject an individual to the expense, trauma and rigors incident to a criminal prosecution a second time offends the double jeopardy clause." *Bolden*, 472 Pa. at 631–32, 373 A.2d at 104. (Emphasis added). Therefore, the *Bolden* Court concluded that exceptional circumstances exist to warrant immediate appellate review of a trial court's denial of a defendant's motion to dismiss based on double jeopardy grounds.

Pursuant to *Brady*, the Supreme Court has retreated somewhat from its position as espoused in *Bolden*. The *Brady* Court determined that an interlocutory appeal based on double jeopardy grounds is not permissible when the trial court finds that such grounds are frivolous. The Court concluded that under such circumstances the interlocutory appeal is " . . . unwarranted and review must be sought by means of a *direct appeal following retrial.*" *Brady*, 510 Pa. 338, 508 A.2d at 287 (emphasis added). The *Brady* Court reasoned that *Bolden*, in combination with the automatic stay of proceedings pending on appeal,[2] resulted in indefinite delays of legitimate prosecutions in many cases.

In response to this problem of unnecessary delays, the *Brady* Court promulgated a new procedure for these types of appeals. If the defendant asserts his right to a double

1. While *Bolden* was a nondecisional opinion, a majority of the members of the Supreme Court subsequently agreed with the proposition espoused in that case regarding the immediate appealability of the denial of a motion to dismiss on double jeopardy grounds. *Commonwealth v. Haefner*, 473 Pa. 154, 373 A.2d 1094 (1977).

2. Pa.R.A.P. 1701 governs automatic stays. This provision provides in pertinent part that " . . . after an appeal is taken or review of quasijudicial order is sought, the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a).

jeopardy claim before the trial court, the court must determine the merits of the claim. If the trial court concludes that the defendant's claim is "frivolous," the double jeopardy claim is dismissed and a retrial is permitted. After the trial court considers the motion and makes *written findings that the motion is frivolous*, the defendant does not have a right to immediate appellate review. However, "absent such a finding [of frivolousness], an appeal may be taken from the denial of the motion." *Brady, supra,* 510 Pa. 346, 508 A.2d at 291.

While vitiating the defendant's right of appeal should the trial court find the double jeopardy claim to be frivolous, the Court allowed for a challenge to the findings of frivolity in the context of a request for a stay from an appellate court. The Court found that "this procedure [will] provide [ ] at least a preliminary review by an appellate judge of the findings of frivolousness prior to trial." *Brady, supra,* 510 Pa. at 345, note 4, 508 A.2d at 291, note 4.

If a defendant opts to challenge the finding of frivolousness in the context of a request for a stay from an appellate court, the request will have to be made directly to the Supreme Court. Under *Municipal Publications v. Court of Common Pleas of Philadelphia,* 507 Pa. 194, 489 A.2d 1286 (1985), the Supreme Court found that when there is no appeal pending before the Superior Court, and the Superior Court's appellate jurisdiction is not infringed upon by the trial court's actions, there is no predicate for the Superior Court's exercise of jurisdiction to issue a writ of prohibition. In *Municipal Publications,* the Court stated that "the legislature has limited the Superior Court's original jurisdiction to instances in which *an appeal has been lodged in that court* and it becomes necessary to mandate or prohibit action by a lower court in aid of the Superior Court's effective exercise of its appellate jurisdiction." *Municipal Publications,* 507 Pa. at 199, 489 A.2d at 1288.

In a request for a stay in the context for which *Brady* provides, the Superior Court would lack jurisdiction to issue a writ of prohibition. No appeal would be pending before

the Court in that situation. Therefore, following the dictates of *Municipal Publications*, in a request for a stay which arises from a trial court's determination that a motion to dismiss on grounds of double jeopardy is frivolous, the defendant must go directly to the Supreme Court.

In the case *sub judice*, appellant's motion to dismiss on grounds of double jeopardy was denied by the trial court absent any written findings that the motion was frivolous. Therefore, on an initial reading of the case, it would appear that the appeal is properly before this Court and the retrial of Learn should be stayed pending disposition of the appeal. However, since we are a Court of review and not a hearing Court, we must give the trial court the opportunity to make the requisite factual determination of whether the claim is frivolous. *Spatz v. Nascone*, 283 Pa.Super. 517, 424 A.2d 929 (1981). Employing this approach, we will be complying with the spirit of *Brady* by disposing of those appeals found to be frivolous and allowing direct appeals in those situations where appropriate.

Accordingly, we remand this case to the trial court for written factual findings on the questions of the merits of this claim of double jeopardy. Jurisdiction is relinquished.