J-A09001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFERY MASSI, | |
| Appellant | No. 98 EDA 2014 |

Appeal from the Order December 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001179-2012

BEFORE:  BOWES, DONOHUE, AND STABILE, JJ.

DISSENTING MEMORANDUM BY BOWES, J.:      **FILED DECEMBER 30, 2015**

I must respectfully dissent from the learned majority's conclusion that this Court lacks jurisdiction at this stage to reach the merits of Appellant's non-frivolous double jeopardy challenge.  The majority's reading of the record and Pa.R.Crim.P. 587(B) unnecessarily elevates form over substance.  Indeed, the Commonwealth concedes that this Court has jurisdiction over this appeal.  *See* Commonwealth's brief at 4 n.2.  While the Commonwealth's position is not controlling, it refutes any implication by the majority that the parties herein are unsure of the trial court's finding of non-frivolousness.

Instantly, the trial court conducted a hearing on Appellant's double jeopardy motion, which complied with Rule 587(B)(2).  At the conclusion of

that proceeding, the court, via its court crier, placed on the record findings of fact and conclusions of law and denied the motion. *See* Pa.R.Crim.P. 587(B)(3). At no point did the court find Appellant's motion frivolous. Pointedly, in direct response to Appellant's counsel stating that, in order to allow him to appeal, the court had to find his motion non-frivolous, the court twice instructed him that the order was appealable. I reproduce the relevant exchange in its entirety:

> Counsel: Judge, at this point, I would like to take an immediate appeal under the authority of United States versus States.[1]
>
> Court: We'll give this a date. Time will be ruled excludable. We'll give it a three-month status date.
>
> Counsel: Your Honor, if you could issue an order so I can appeal it. The **only requirement is that you don't find the issue to be frivolous** which would allow me to – and I do think based on my –
>
> Court: **If you want to appeal it, I'll allow you to appeal it**, and we'll issue opinions accordingly.
>
> Court Crier: March 11.
>
> Court: **Order is appealable**.

N.T., 12/9/13, at 13-14 (emphases added).

---

[1] Appellant mistakenly stated United States instead of Commonwealth. In ***Commonwealth v. States***, 938 A.2d 1016, 1019 n.6 (Pa. 2007), the Pennsylvania Supreme Court explained that absent a finding of frivolousness, appellate courts have jurisdiction to consider appeals from the denial of a double jeopardy motion.

The majority essentially reasons that the failure to utter the magic words that the motion was "non-frivolous" results in the trial court having neglected to make such a finding. This not only defies a common sense reading of the record, but the very understanding of both Appellant and the Commonwealth. Frankly, the majority's reading of the record and Rule 587(B) turns one of the purposes of the rule, to avoid delay tactics, on its head. If a court telling an attorney that the order is appealable, multiple times, in direct response to the attorney's statement that the court must make a finding of non-frivolousness, does not equal compliance with Rule 587(B)(4), then only the utterance of talismanic words would satisfy the majority. This is, of course, inconsistent with our jurisprudence in a host of other areas that eschews the importance of articulating such talismanic phrases. **See also Commonwealth v. Gains**, 556 A.2d 870 (Pa.Super. 1989) (*en banc*) ("The focus of our Supreme Court's decision in [**Commonwealth v.**] **Brady**, [508 A.2d 286 (Pa. 1986)], and our focus presently, is not upon the presence of the written word "frivolous" in a trial court's opinion or order. The focus is upon an express *determination* on the part of the trial court that a double jeopardy claim is frivolous, meaning clearly and obviously without merit."). What is more is that neither Rule 587(B) nor **Commonwealth v. Taylor**, 120 A.3d 1017 (Pa.Super. 2015), supports the majority's overly strict construction of the rule.

The origins of rule 587(B) illustrate better my reasoning, therefore, a brief discussion on the evolution of pre-trial double jeopardy appeals is warranted. In **Commonwealth v. Bolden**, 373 A.2d 90, 93 (Pa. 1977), a plurality of our High Court opined,

> We hold that the denial of a pre-trial application to dismiss an indictment on the ground that the scheduled trial will violate the defendant's right not to be placed twice in jeopardy may be appealed before the new trial takes place. Once a defendant is erroneously subjected to another prosecution, neither an acquittal nor appellate reversal of a conviction is sufficient to vindicate his constitutional right not to be placed twice in jeopardy. We conclude that the right to be free from multiple prosecution[s], embodied in the double jeopardy clause, can be adequately protected only by permitting an immediate appeal from a trial court's denial of relief.

Subsequently, a majority of the Supreme Court "made clear that a Court majority agreed with the important narrow proposition that 'pretrial orders denying double jeopardy claims are **final orders** for purposes of appeal.'" **Commonwealth v. Orie**, 22 A.3d 1021, 1024 (quoting **Commonwealth v. Haefner**, 373 A.2d 1094, 1095 (Pa. 1977) (*per curiam*)) (emphasis in **Orie**). Thereafter, in **Brady**, **supra**, our Supreme Court narrowed the applicability of a **Bolden** as-of-right appeal.

The **Brady** Court held that where a trial court makes a written finding that a double jeopardy motion is frivolous, an automatic **Bolden** appeal is impermissible. **See Brady**, **supra** at 291. Currently, the comment to Pa.R.A.P. 313 still retains a cite to **Brady** and indicates only where an express finding of frivolousness is found will a collateral appeal be improper.

*Brady* also provided a stay procedure in those cases where a defendant wished to challenge a trial court's finding of frivolousness. However, the *Brady* Court did not identify which appellate court would hear such a challenge.

This Court later determined in **Commonwealth v. Learn**, 514 A.2d 910 (Pa.Super. 1986), *overruled by* **Orie**, *supra*, that a stay request had to be made to the Pennsylvania Supreme Court. The **Learn** Court also determined that a remand was required to the trial court because it had not made a written finding that the double jeopardy motion was frivolous. This latter aspect of **Learn** was expressly overruled by **Gains**, *supra*.

The **Gains** Court, held, "in view of the fact that we presently have no written finding by the trial court that appellant's double jeopardy claim is a frivolous one, we exercise jurisdiction over this appeal." **Id**. at 875. It added, "We now expressly overrule the decision of a panel of this Court in **Commonwealth v. Learn**, *supra*, to the extent that it holds that where a trial court fails to make a written finding of frivolousness, a remand will be ordered to afford the trial court an opportunity to determine whether such a finding should be included in the record." **Id**.

In light of continued confusion over **Brady**, our Supreme Court clarified that decision in **Orie**, *supra* and referred the manner in which double jeopardy motions should be handled to the rules committee. As a result, the Supreme Court adopted Rule 587(B). That rule reads,

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim. P. 587(B).

The current rule does not state that a trial court's failure to place on the record the magic words of "non-frivolous" results in this Court lacking jurisdiction, nor does the comment to the rule so read. Rather, the trial court must explicitly find frivolousness in order to trigger a differing jurisdictional posture. Our Supreme Court has repeatedly cautioned this Court against reading requirements into our procedural rules that do not exist by their terms. *See Newman Dev. Group of Pottstown, LLC v. Genuardi's Family Mkts., Inc.*, 52 A.3d 1233 (Pa. 2012); *see also*

*Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009) (chastising this Court for attempting to create a mandatory procedural rule). The official note to Pa.R.A.P. 1573, the rule that applies to appealing a determination that a double jeopardy motion is frivolous, expressly provides, "If a trial court denies such a motion without expressly finding that the motion is frivolous, the order is immediately appealable by means of a notice of appeal under Pa.R.A.P. 313." Official Note, Pa.R.A.P. 1573. The majority's position is inconsistent with this comment. Furthermore, it is not suggested that neglecting to use the magic words "non-frivolous" removes jurisdiction. The comment to Rule 587(B)(4) itself states, "Paragraph (B)(4) requires the judge to make a specific finding whether the motion is being dismissed as frivolous." It does not state that the failure to set forth that the motion is non-frivolous precludes jurisdiction under Pa.R.A.P. 313.

Admittedly, the trial court failed to tell counsel explicitly, although counsel already was aware of his right to appeal, that Appellant could appeal under the collateral order rule, Pa.R.A.P. 313. This failure, however, does not implicate jurisdiction when the attorney files the appropriate appeal in a timely fashion.[2] Indeed, a trial court's failure to properly inform a defendant that he must appeal within thirty days of the denial of his post-

---

[2] Nothing in my decision should be read as endorsing a trial court's neglect in following our rules of procedure, nor am I attempting to eviscerate or broaden the rule. Rather, a plain reading of the rule and the record makes it evident that the trial court did not find Appellant's motion frivolous. A remand for a one-sentence order to that effect is unnecessary.

sentence motion does not implicate our jurisdiction if the attorney timely appeals. The same applies herein. The trial court's non-compliance with Rule 587(B)(6) is harmless precisely because counsel properly appealed and the court explicitly declined to find Appellant's motion frivolous.[3]

Moreover, the majority cannot cite any binding or analogous precedent in support of its position. The **Taylor** case simply is not controlling in this matter because therein the court did not enter on the record any factual findings or conclusions of law nor did it expressly inform the defendant that he could appeal after the attorney asked for a finding of non-frivolousness. Further, although decided before Rule 587, our decision in **Gains**, **supra** is instructive. First, I note that our Supreme Court is presumably aware of existing law and in fact cited **Gains** in its most recent double jeopardy case, **Orie**, **supra**. More importantly, **Gains** is quoted in the comment to Rule 587(B)(4).

At the time of the **Gains** decision, a written finding of frivolousness was required to preclude a **Bolden** automatic appeal of the denial of a motion to dismiss based on double jeopardy. Rule 587(B) alters that requirement insofar as it no longer mandates a written finding, and only

---

[3] Appellant in his brief set forth that this Court has jurisdiction over this appeal pursuant to **Commonwealth v. Haefner**, 373 A.2d 1094 (Pa. 1977), as well as **Commonwealth v. Bolden**, 373 A.2d 90 (Pa. 1977), and **Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986). He expressly states that Pa.R.A.P. 313 authorizes, "non-frivolous appeals as of right from collateral orders of the Court of Common Pleas denying a double jeopardy claim." Appellant's brief at 1.

requires a record-based determination of frivolousness. However, the **Gains** Court also held that in the absence of an express written finding of frivolousness, a remand to afford the trial court such opportunity was unwarranted and that the trial court's silence did not preclude jurisdiction. **Gains**, **supra** at 875.

A similar result should obtain here where the trial court made no explicit finding of frivolousness on the record and, in fact, instructed Appellant on multiple occasions that he could appeal after counsel asked for a finding of non-frivolousness. Instead, the majority essentially re-writes Rule 587(B)(4) to state that, "In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to **non**-frivolousness. **The failure to do so shall result in the appellate court lacking jurisdiction and require a remand**." **Compare** Pa.R.Crim.P. 587(B)(4). This is inconsistent with the express language of Rule 587(B), the spirit and letter of our *en banc* decision in **Gains**, and the official comment to Pa.R.A.P. 1573.

In sum, neither Rule 587(B) nor Pa.R.A.P. 1573, nor any precedent, compels the majority's novel reading of Rule 587(B) as mandating a court place on the record the magic words of non-frivolousness to confer jurisdiction upon this Court. In my view, this Court has jurisdiction and we should reach the merits of Appellant's arguments. I therefore respectfully dissent.