J-E04004-17

2020 PA Super 107

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EMILY JOY GROSS | |
| Appellant | No. 375 EDA 2016 |

Appeal from the Order entered January 15, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0000045-2010

BEFORE: GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., and DUBOW, J.

DISSENTING OPINION BY STABILE, J.:                    **FILED APRIL 29, 2020**

I join the dissent of my respected colleague Judge Dubow, but write separately to emphasize why I believe the Majority's view errs regarding the jurisdictional importance of the 2013 amendments to Rule 587 to determine whether this Court has jurisdiction to hear an appeal from the denial of a pretrial double jeopardy motion.

Prior to the 2013 amendments to Pa.R.Crim.P. 587, the rule simply provided:

> (1) Upon motion and a showing that an information has not been filed within a reasonable time, the court may order dismissal of the prosecution, or in lieu thereof, make such other order as shall be appropriate in the interests of justice.
>
> (2) The attorney for the Commonwealth shall be afforded an opportunity to respond.

In 2013, Rule 587 was greatly expanded to include Paragraph (B) to provide a detailed procedure to address motions to dismiss on double jeopardy grounds. I repeat those provisions below by way of comparison to illustrate the magnitude and detail of those changes from prior practice as to how pretrial double jeopardy motions are to be decided. As adopted by our Supreme Court, Paragraph (B) now unambiguously provides:

**(B) *Double Jeopardy.***

**(1)** A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

**(2)** A **hearing on the motion shall be scheduled** in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

**(3)** At the conclusion of the hearing, the **judge shall enter on the record a statement of findings of fact and conclusions of law** and shall issue an order granting or denying the motion.

**(4)** In a case in which the judge denies the motion, **the findings of fact shall include a specific finding as to frivolousness.**

**(5) If the judge makes a finding that the motion is frivolous**, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

**(6)** If the **judge denies the motion but does not find it frivolous,** the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587 (emphasis added). As is apparent, the changes to Rule 587 were significant. Prior procedure was defined by case law. The amended rule replaces that case law and provides direction, detail, and certainty to address

how appellate jurisdiction is to be perfected or denied following disposition of a double jeopardy motion.

The rule is unambiguous: a trial court is obligated to hold a hearing and thereafter make express findings and conclusions of law as to whether or not the double jeopardy motion is frivolous. After making those findings, a court is required to advise a defendant as to his or her appeal rights. If the court's findings are that the motion is not frivolous, or in other words, has merit, the order qualifies as a collateral order subject to immediate appeal under Pa.R.A.P. 313. If the findings are that the motion is frivolous, that being it has no merit, then the order does not qualify as collateral and any attempt to appeal must proceed by permission under Pa.R.A.P. 1573.[1] A petition under Chapter 15, however, does not stay trial court proceedings. *See* Pa.R.A.P. 1701(d).

I offer several observations regarding Paragraph (B) of this rule. First, after hearing, under Paragraph (B)(4), it is mandatory that the trial court make specific findings as to frivolousness. This mandate is not limited to instances where the motion is deemed to be frivolous. The court is to make findings as to whether the motion has merit or whether it is frivolous. Second, the obligation to make specific findings one way or the other is corroborated

_____

[1] As of January 7, 2020, Rule 1573 was repealed. Permission to appeal the denial of a pretrial double jeopardy motion is now a part of Pa.R.A.P. 1311. The amendment passed on January 7, 2020, is effective May 1, 2020.

by and reinforced by Paragraphs (5) and (6), which direct the court to advise a defendant as to his or her rights when the motion is frivolous or when it has merit. When the court determines the motion is frivolous, a defendant is to be advised that appeal may be permitted only by a petition for review. Where the motion is deemed to have merit, a defendant is to be advised that the order is immediately appealable as a collateral order. Third, under Paragraph (6), the trial court's findings allow an order to be appealed as of right as a collateral order when the motion is *found* to have merit. Finally, and most importantly, *the rule as written does not admit an interpretation, as held by the Majority, whereby it is presumed the denial of a pretrial double jeopardy motion is appealable as a collateral order, unless there is a finding the motion is frivolous.* An interpretation that defaults to a meritorious motion in the absence of a finding that the motion is frivolous violates the plain language of the rule and rewrites its terms by case law.

Both the learned Majority and Concurrence admit that the trial court failed to make a finding of frivolousness. Majority Opinion at 20; Concurring Opinion at 5 n. 1. The Concurrence is more pointed in this regard, as it notes the trial court erred not only in failing to make express findings on the record as to frivolousness, but also in failing to hold a hearing on the record, and in failing to advise the Appellant of her appeal rights. **Id.** The unanimous agreement in this Court that there was a failure to comply with Rule 587 brings into focus where our views diverge; that being whether the failure to make

findings under Rule 587 deprives this Court of jurisdiction to hear the denial of a pretrial double jeopardy motion as a collateral order. Like my learned colleague Judge Dubow, I too believe this failure precludes this Court from having jurisdiction to hear an appeal until the necessary trial court findings are made.

The Majority overlooks the importance of Rule 587 to establishing jurisdiction in this Court because our jurisdiction is dependent upon facts found by the trial court. The factual findings of a trial court establish the predicate that determines whether we have jurisdiction to entertain a double jeopardy appeal as a collateral order. This necessarily requires the trial court, after hearing, to review the unique facts underlying the charges and prior proceedings against a defendant to arrive at findings to support a decision regarding frivolousness, and hence, a defendant's appeal rights. As an appellate court, we do not make factual findings. *See Commonwealth v. Grant*, 813 A.2d 726, 734 (Pa. 2002) ("appellate courts do not act as fact finders"). Absent findings from the trial court, we cannot determine whether we have jurisdiction to accept an appeal as a collateral order under Rule 313. While it is true that prior to 2013, denial of a motion was immediately appealable unless there was a finding the motion was frivolous, the amendments to Rule 587 changed that to require identification of the factual

bases that demonstrate whether the motion has merit or not.[2]  This Court repeatedly reminds litigants that we are an error-correcting court and that we must defer to facts found at the trial level if supported by the record.  On countless occasions, we reject appeals because we must defer to findings made at the trial court level.  Yet, in this instance, the Majority concludes we can *surmise* a trial court would make factual findings that a double jeopardy motion is not frivolous if it fails to make those findings to support jurisdiction under Rule 313.  The effect of the Majority's decision is to rewrite Rule 587 by decisional case law to provide that the rule is optional.  In essence, the Majority would presume jurisdiction in the absence of findings.

**The rule makes it mandatory for a trial court to make findings one way or the other as to whether a motion is frivolous.  Simply because a trial court does not make a finding as to frivolousness does not mean the motion has merit so that we may consider the appeal as collateral and appealable as of right under Rule 313.  The failure to make findings means only we do not know if the trial court considers**

---

[2] In **Commonwealth v. Learn**, 514 A.2d 910 (Pa. Super. 1986), we held that where a trial court fails to make a written finding of frivolousness, a remand will be ordered to afford the trial court an opportunity to determine whether such a finding should be included in the record.  This remand aspect of **Learn** was subsequently overruled by this Court in **Commonwealth v. Gains**, 556 A.2d 870 (Pa. Super. 1989) (*en banc*) (citing **Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986)).  I note only that this Court did not have the benefit of any subsequent case law or rule revision at the time **Gains** was decided.  In my view, the 2013 amendments to Rule 587 are aligned with our decision in **Learn**.

**the motion to be frivolous or to be meritorious.** Without a determination as to frivolousness by the trial court, we are unable to determine whether we have jurisdiction to entertain an appeal as of right. This is not to say that we could not review the record and make a frivolousness determination, but doing so would violate our jurisdiction and transform us from an appellate court to a trial court. Because Rule 587(B) now mandates that the trial court determine whether an appeal may be by right or by permission, we no longer may presume jurisdiction under Rule 313, as may have been the case in prior practice as defined by then-extant case law.

The Majority reaches the conclusion that we have jurisdiction by default to hear this appeal under Rule 313 based upon old case law that pre-dates the 2013 amendments to Rule 587. This reasoning fails to acknowledge the sea change the 2013 amendments made to considering these motions and to clarifying jurisdiction. Both the Majority and the Concurrence ably recap the development of the appealability of pretrial double jeopardy motions from *Commonwealth v. Bolden*, 373 A.2d 90 (Pa. 1977) (plurality opinion), that held pretrial orders denying double jeopardy claims generally are final orders for appeal purposes, through *Commonwealth v. Orie*, 22 A.3d 1021 (Pa. 2011), which clarified the prior practice of engaging in stay proceedings to be by a petition for review to challenge a denial that found a motion to be frivolous. However, the Majority fails to recognize that our Supreme Court in *Orie* directed that both the Criminal Rules and Appellate Rules Committees

reevaluate this pretrial procedural framework.  In fact, they did and the rule was changed.

The March 7, 2012 final report of the Criminal Procedure Rules Committee that proposed the adopted 2013 amendments to Rule 587 explains the rationale behind adopting those amendments. The Committee reported:

> The Supreme Court in **Commonwealth v. Orie**, 22 A.3d 1021 (Pa. 2011), clarified the appropriate procedure for an appellate court to follow when a trial court dismisses a defendant's pretrial double jeopardy challenge as frivolous.  The Court asked the Appellate Court Procedural Rules Committee and the Criminal Procedural Rules Committee to evaluate the Court's proposed procedural framework for possible further refinement.
>
> During the Committees' discussions of the **Orie** case and the Court's directive, in addition to considering the appellate procedures that should apply when a judge determines that a pretrial motion to dismiss on double jeopardy grounds is frivolous, the members also noted that there is no uniformity in how motions to dismiss on double jeopardy grounds currently are handled at the trial level.  They reasoned this lack of uniformity contributes to the confusion with regard to challenging the dismissal of these motions in the appellate courts.  The Committees therefore agreed that it would be helpful to the bench and bar if the Criminal Rules would be amended to provide the procedures in the court of common pleas when the defendant files a motion to dismiss based on double jeopardy grounds.
>
> The Committees determined the procedures governing motions to dismiss on double jeopardy grounds, in terms of the importance of protecting a defendant's rights, of creating a record at the trial level for purposes of appeal and preserving all parties' positions, and of ensuring the defendant understands his or her appeal rights, most closely compare to the procedures for a motion to suppress in Rule 581.  Specifically, the procedures that, *inter alia*:
>
>> require that the motion state specifically and with particularity the grounds for the motion and the facts supporting the motion;

- 8 -

require a hearing on the record in open court; and

require the judge to make findings of fact and conclusions of law on the record at the conclusion of the hearing,

also should govern the procedures when a motion to dismiss on double jeopardy grounds is filed.

The proposed new procedures would be added to Rule 587 (Motion for Dismissal) as new paragraph (B).  Paragraph (B)(1) requires that the motion state specifically and with particularity the basis for the claim of double jeopardy and the facts supporting the claim.  This requirement also is comparable to Rule 575(A)(2)(c).

Paragraph (B)(2) requires that there be a hearing conducted in open court.  The Committees reasoned that a hearing on the record is vital to preserve the parties' positions.  As elaborated in the *Comment,* the "hearing" in this context may include taking testimony, taking testimony and presenting arguments, or merely presenting arguments as the judge determines necessary in a given cases.

Paragraph (D)[*sic*](3) requires that the judge enter on the record findings of fact and conclusions of law at the conclusion of the hearing and issue an order granting or denying the motion. Paragraph (D)[*sic*](4) adds the requirement that if the judge denies the motion, the judge also must make specific findings as to frivolousness.  The members noted, anecdotally, that frequently judges will deny the motion to dismiss on double jeopardy grounds and not make a finding with regard to frivolousness until a defendant challenges the denial of the motion, and that some judges do not explain the basis for finding the motion frivolous.  **Recognizing that these practices are another source of the confusion and of the problems with challenging the denial of these motions, and because the correct avenue of appeal in cases involving motions to dismiss based on double jeopardy grounds depends on whether there has been a finding of frivolousness, the proposal requires the trial judge to make a specific finding as to frivolousness at the time the judge decides the double jeopardy motion, and that there must be a record made of the judge's reasons for his or her findings.**  Furthermore, the Rule 587 *Comment* would be revised to include a cross-reference

- 9 -

to **Commonwealth v. Gains**, 383 Pa. Super. 208, 217, 556 A.2d 870, 874 (1989), to provide guidance about what constitutes a frivolous claim.

March 7, 2012, Criminal Procedure Rules Committee, Motion to Dismiss on Double Jeopardy Grounds, Report at 9-11 (footnotes and headings omitted) (emphasis added).[3]  This report emphasizes *that as of 2013, the correct avenue of appeal depends on the findings of the trial court*.

In response to the United States Supreme Court's ruling in **Abney v. United States**, 431 U.S. 651 (1977),[4] our Supreme Court in **Commonwealth v. Brady**, 508 A.2d 286 (Pa. 1986), citing the Court of Appeals for the Fifth Circuit with apparent approval, referenced that court's rule designed to prevent the use of frivolous double jeopardy appeals as a dilatory tactic.  As described by the Fifth Circuit,

> The Supreme Court suggested in **Abney** that the problem of frivolous and dilatory appeals could be met through expedited treatment and summary procedure at the court of appeals level. An appropriate balance of conflicting interests should be initially

---

[3] I recognize that these reports are not binding, but like notes and comments to rules, I believe the report may be cited for persuasive value, and in particular for this case, for the history that precipitated the change to Rule 587.  **See Commonwealth v. Byrd**, 378 A.2d 921, 922 (Pa. Super. 1977) (although committee comments are not binding, they may be considered as effective aids when interpreting the meaning of rules and amendments thereto) and **Commonwealth v. Reeb**, 593 A.2d 853, 856 (Pa. Super. 1991) (comments by the Supreme Court's criminal rules committee are not binding, although those comments may be considered as effective aids in interpreting the meaning of the rule) (citations omitted).

[4] The **Abney** Court found that an appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds was an exception to the final judgment rule and was appealable as a collateral order.

achieved in the trial court itself by identifying frivolous claims of former jeopardy and preventing them from unduly disrupting the trial process. **Henceforth, the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous**. **If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case. If nonfrivolous, of course, the trial cannot proceed until a determination is made of the merits of an appeal**.

*United States v. Dunbar,* 611 F.2d 985, 988 (5th Cir.) (*en banc*), *cert. denied,* 447 U.S. 926, 100 S. Ct. 3022, 65 L. Ed. 2d 1120 (1980) (citations omitted) (emphasis added). The Fifth Circuit's recognition that a district court's findings affect appellate jurisdiction to hear double jeopardy appeals applies with equal force here. I believe it more than coincidence that the 2013 adoption of Rule 587(B) by our Supreme Court mirrors the Fifth Circuit's approach to determine appellate jurisdiction.[5]

Pa.R.A.P. 313 permits appeal of an interlocutory order if the order is separable from and collateral to the main cause of action, the right involved is too important to be the denied review, and the question presented is such that if review is postponed until final judgment, the claim will be irreparably lost. I find it significant that in the requirements of this rule, there is no precondition that the merits of the underlying matter first be determined to be meritorious. Yet, when dealing with denial orders under Rule 587, a fourth

---

[5] The **Brady** court also acknowledged that may other circuits adopted the Fifth Circuit's **Dunbar** rule. **Brady**, 508 A.2d at 343-44.

condition is added before an order may be deemed collateral and immediately appealable. The underlying motion first must be determined to have merit. No other rule that permits appeals as of right under Rule 313 requires a predetermination whether the motion has merit before jurisdiction vests in this Court. This aspect of Rule 587 sets denial of double jeopardy motions apart from other motions that may qualify as collateral. Under the unambiguous language of Rule 587, only the trial court may make those necessary findings in order that we can determine whether we have jurisdiction to hear appeals from denial of those motions.

I also reject the Majority's conclusion that Rule 313 and enduring precedent pre-dating the 2013 amendments to Rule 587 control our jurisdiction. *See* Majority Opinion at 20 n. 1. The precedent cited was supplanted in large part by the adoption of the 2013 amendments, thus making reliance on those cases of little value. The Majority's rationale that the appellate rules govern our jurisdiction and, therefore, we may overlook procedural missteps under the rules of criminal procedure because those rules govern only practice before trial courts, Majority Opinion at 20 n.1, is misplaced. Not only does the Majority fail to cite any authority for this proposition, but as Judge Dubow cogently observes, jurisdiction derives from our statutes and not from our rules. I believe it fairly can be said that, in this regard, the rules are meant to *implement* jurisdiction, but do not in and of themselves *establish* jurisdiction.

I likewise find reliance by the Majority on the official Notes to Rule 313 unpersuasive. According to the Majority, "The Note to Rule 313 states that an established example of a collateral order is an order denying a pretrial motion to dismiss 'based on double jeopardy in which the court does not find the motion frivolous' . . . (citing *Orie, supra* and *Brady, supra*)" and that "[t]he planned amendment to the official note of Rule 313 continues this precedent[.]" Majority Opinion at 18-19.[6] The Majority uses these references to support its ultimate conclusion that the trial court's failure to make findings renders the denial of a motion immediately appealable. I respectfully disagree. These Notes do nothing more than cite *Brady* and *Orie* for the unremarkable proposition that meritorious motions are immediately appealable and frivolous ones are not. These case references lend no support to the Majority's conclusion, because both cases involved situations where the Supreme Court was reviewing a trial court's determination that pretrial motions were frivolous. Neither case could reference the 2013 version of Rule 587(B), and consequently could not address the issue now before this Court.

I likewise find the Concurrence's reliance on the Note to Pa.R.A.P. 1573 unpersuasive. Although in effect when the trial court rendered its double jeopardy decision, as of January 7, 2020, Rule 1573 has been repealed, including its Note. The rule addressed petitions for review when a court

_____

[6] The Concurrence also cites the planned amendment. The January 7, 2020 amendment is effective August 1, 2020.

- 13 -

determined a double jeopardy motion to be frivolous. The repealed rule now is subsumed in the 2020 amendments to Pa.R.A.P. 1311 that address interlocutory appeals by permission. Double jeopardy motions deemed to be frivolous now are included under Rule 1311(a)(3). The Official Note to Rule 1311 does not carry forward the prior Note to Rule 1573, but rather states only that Rule 1311 now includes "interlocutory orders that found a criminal defendant's claim that further proceedings would cause the defendant to be placed in double jeopardy to be frivolous." Pa.R.A.P. Official Note (effective August 1, 2020). If anything, a comparison between the former Note to Rule 1573 and the current Note to Rule 1311 demonstrates less emphasis on the procedure for determining whether denial of a pretrial double jeopardy motion is appealable. It is my position, however, that the notes to these appellate rules do not address double jeopardy pretrial procedure, and serve only to illustrate examples of interlocutory orders appealable as of right.

Before concluding, I would like to offer an observation on rule interpretation. I always found case law at variance with the plain language of a rule a constant source of frustration and potential malpractice for practitioners unable to rely on the plain language of a rule. Instead, the message we send when we create exceptions or ignore rules is that rules cannot be relied upon and that practitioners must engage in extensive research before relying upon the plain language of a rule. The failure to do so is at their peril. Like our other rules of procedure, the criminal rules are to

be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.  Pa.R.Crim.P. 101(B).  **See also** Pa.R.C.P. 126, Pa.R.A.P. 105.  Instead, exceptions or procedures grafted onto rules by case law serve only as traps for malpractice for those who do not remain vigilant on every nuanced decision that affects the interpretation of a rule.  The Majority's abandonment of the unambiguous language of Rule 587 creates confusion and yet another instance where the plain language of a rule cannot be taken at face value.  The Majority returns us to the pretrial practice that Rule 587(B) sought to change.

The adoption of the 2013 amendments to Rule 587 was not meant to be a mere formality that could be excused in the discretion of a court.  The procedures under the 2013 amendments were meant to provide a mandatory mechanism by which pretrial double jeopardy motions are to be decided and a defendant properly advised of his or her appeal rights.  Rule 587(B) serves to inform this Court whether the necessary predicates for jurisdiction have been satisfied so that a denial may be heard as collateral under Rule 313.  The Majority today once again has interjected confusion into this process and blurred the roles between trial and appellate courts to address jurisdiction.

I would retain jurisdiction over this appeal and remand for a brief period for the trial court to provide us the necessary findings under Rule 587(B) so that we may decide whether we have jurisdiction to address the merits of this appeal.  I respectfully dissent.

Judge Shogan and Judge Dubow join the dissenting opinion.